IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:04-322-CMC |
| v. | |
| Antonio Jeron Hemphill, | Opinion and Order |
| Defendant. | |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holdings in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), he is no longer a career offender and should be resentenced.[1]  ECF Nos. 377, 379.  After a stay pending the outcome of *Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886 (2017), the Government filed a response in opposition and a motion to dismiss on May 18, 2017.  ECF Nos. 393, 394.  On June 23, 2017, Defendant filed his response.  ECF No. 399.  On January 20, 2017, while the *Beckles* stay was in effect, Defendant was granted clemency by President Obama, commuting the total sentence of imprisonment imposed to expire on January 19, 2019.  ECF No. 392.

**I.      Background**

On March 18, 2004, Defendant was indicted for: 1) conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), and § 846; and 2) possession with intent to distribute cocaine base and cocaine, in violation of §§ 841(a)(1) and (b)(1)(A).  ECF No. 22.  On July 28, 2004, a superseding indictment was returned by the

---

[1] Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion on June 27, 2016.  ECF No. 378.

Grand Jury, noting the total quantity of cocaine base attributable to Defendant was 150 grams or more, and the total quantity of cocaine attributable to Defendant was 200 grams or more. ECF No. 78 at 3-4.

Defendant entered into a written plea agreement on September 30, 2004, agreeing to plead guilty to count one of the superseding indictment (the conspiracy charge). ECF No. 96. In the plea agreement, Defendant stipulated he was a career offender and that the guideline range applicable after acceptance of responsibly was 262-327 months. *Id.* at ¶ 4. Defendant also acknowledged he had two prior felony drug convictions subject to 21 U.S.C. § 851 enhancement, and the Government agreed to move to withdraw one of the § 851 enhancements, reducing the statutory minimum sentence from life to 20 years. *Id.* at ¶ 10. Defendant entered a guilty plea on October 4, 2004. ECF No. 99.

A Pre-Sentence Report (PSR) concluded Defendant was a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 144. The PSR found Defendant's prior convictions for Failure to Stop for a Blue Light (2 counts), and Possession with Intent to Distribute Crack Cocaine within proximity of a school were predicate convictions for career offender purposes. *Id.* at ¶¶ 35, 37, 38. Defendant's guideline range was calculated to be 262-327 months. *Id.* at ¶ 58. Defendant objected to Paragraph 30 of the PSR, noting the Government had withdrawn one of its enhancements under § 851, and therefore he should not be considered a career offender. As discussed at sentencing, Defendant was conflating the § 851 enhancement and career offender status, and this objection was overruled. ECF No. 391 at 5:25-8:12.

On March 14, 2005, Defendant appeared for sentencing. The court sentenced Defendant to 262 months' imprisonment and a ten-year term of supervised release. ECF No. 145. Defendant did not appeal. Defendant filed an initial § 2255 motion on January 1, 2012. ECF No. 277. This

2

court granted the Government's motion for summary judgment on April 18, 2012. ECF No. 292. Defendant appealed, but the Fourth Circuit dismissed his appeal and denied a certificate of appealability. ECF No. 316. The Fourth Circuit granted Defendant permission to file the instant § 2255 motion on June 27, 2016. ECF No. 378.

## II. *Johnson* and *Beckles*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding the newly established right recognized in *Johnson* retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing Guidelines[2] is not void for vagueness. *Id.* at 892.

---

[2] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

## III. Discussion

Defendant argues his career offender status is impacted by *Johnson* and excepted from the holding in *Beckles* as he was purportedly sentenced under a mandatory guideline scheme. Defendant was sentenced about two months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory. However, he argues "it is clear from the sentencing transcript that the court treated the guidelines as if they were mandatory at Hemphill's sentencing." ECF No. 399.

Although the Government appears to concede Defendant was sentenced under a mandatory guideline scheme, it argues his §2255 motion fails for procedural reasons and on the merits. ECF No. 393 ("Hemphill's challenge to his mandatory guidelines sentence fails . . ."). The Government lists seven reasons why Defendant is not entitled to relief: (1) Defendant accepted clemency, "foreclosing further judicial relief;" (2) the Supreme Court has not extended *Johnson* to the mandatory guidelines, so § 2255(f)(3) does not apply and Defendant's motion is untimely; (3) Defendant's motion is successive, and he cannot satisfy § 2255(h)(2), which requires the Supreme Court to declare the collateral availability of *Johnson's* application to the mandatory guidelines; (4) the extension of *Johnson* would not be retroactive under *Teague v. Lane*, 489 U.S. 288 (1989); (5) a vagueness challenge to the mandatory guidelines is procedurally defaulted; (6) mandatory guidelines are not subject to a vagueness challenge; and (7) Defendant's predicate offenses do not depend on the residual clause. *Id.*

*Beckles* applies to advisory guideline sentences only, specifically leaving open the question of whether the residual clause in the mandatory Guidelines would be void for vagueness. *Beckles*, 137 S.Ct. at 894 ("The advisory Guidelines do not implicate the twin concerns underlying vagueness doctrine – providing notice and preventing arbitrary enforcement."); *id.* at 903

4

(Kennedy, concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220 (2005) – that is, during the period in which the Guidelines did 'fix the permissible range of sentences,' *ante*, at 892 – may mount vagueness attacks on their sentences."). However, the Fourth Circuit has decided a § 2255 motion seeking to attack a defendant's sentence imposed under the mandatory Guidelines does not fall under the statute of limitations in § 2255(f)(3)[3] because the Supreme Court has not recognized a new right entitling him to relief. *United States v. Thilo Brown*, 868 F.3d 297 (4th Cir. 2017) (rehearing and rehearing *en banc* denied Feb. 26, 2018). Therefore, defendants like Brown, who filed § 2255 motions within a year of the *Johnson* decision, are untimely unless they can qualify under one of the other limitations periods. *Id.* at 303-04.

As noted by the Government, Defendant's conviction became final more than one year ago (in 2005), and neither § 2255(f)(2) or (4) apply to this case. Pursuant to *Brown*, neither does § (f)(3) apply in Defendant's case: the Supreme Court has not recognized a new right that would

---

[3] A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f)(1)-(4).

entitle him to relief, and the *Johnson* decision does not encompass Defendant's claim. Therefore, because Defendant is unable to avail himself of the limitations period in § (f)(3), his motion is untimely.

**IV.** **Conclusion**

Defendant's § 2255 motion is untimely and therefore must be dismissed without prejudice. [4] The court notes if the Supreme Court does decide in the future the residual clause of the mandatory sentencing Guidelines is subject to a vagueness challenge, and makes this right retroactive, Defendant may petition the Fourth Circuit for permission to file a successive § 2255 motion.

---

[4] As Defendant's motion is dismissed on timeliness grounds, the court declines to discuss the Government's other grounds for dismissal.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 26, 2018